IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KUE REH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13:1125 |
| | § | |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Kue Reh, has moved for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et seq.* (Docket Entry No. 25). The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States in which the government's position was not "substantially justified," no "special circumstances" make an award unjust, and the fee application is submitted to the court within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000). This court reversed the Commissioner's decision under the fourth sentence of 42 U.S.C. § 405(g). Reh was the prevailing party in this litigation. The Commissioner does not oppose a fee award. Her lack of opposition is a concession that her position was not substantially justified. Nor does the Commissioner oppose the hourly rate sought. The Commissioner does, however, challenge

the total number of hours claimed as excessive, asserting that they should be reduced from the 110 hours claimed to a total of 40 attorney hours.

An award in this case is appropriate. The issue is whether the amount sought is reasonable. Reh has the burden to show that the number of hours expended on the litigation was reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The reasonableness of the total fee request is evaluated in light of twelve factors set forth in *Hensley*: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 430 n.3.

Reh requests fees in the total amount of $19,459.00, representing 110 hours of work. The Commissioner argues that the request is too high. She notes that counsel for Reh, Jeff Larsen, submitted a 45-page time and expense report showing a total of 279.10 hours of attorney time, without specifically identifying the time for which he seeks reimbursement. The Commissioner correctly notes that many of the entries are not properly reimbursed. Those entries include: 63 hours for work at the administrative level; 4.9 hours to attend Westlaw training; 19.7 hours not associated with this case, including work on a new

application for disability benefits; 28.7 hours for work on a motion for extension to file an initial and reply brief; and 15.9 hours for work performed by another individual. The court agrees that the 70-hour reduction the Commissioner seeks is appropriate. Accordingly, the court awards fees for 40 hours of work. The court awards 20 hours as performed in 2013 and 20 hours as performed in 2014, for a total of (20 X 184.87) and (20 X 187.75). The award is to be paid to Kue Reh, who is the prevailing party, not to his attorney directly. *See Astrue v. Ratliff*, 139 S.Ct. 2521 (2010); *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

SIGNED on October 9, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge