IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KUE REH, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-1125 |
| § | |
| CAROLYN W. COLVIN, ACTING § | |
| COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

In 2014, Kue Reh prevailed in his lawsuit seeking disability payments under the Social Security Act. Reh then moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq.*, seeking $19,495 for approximately 110 hours of legal work. (Docket Entry No. 25). Although the Commissioner did not oppose an award or the hourly rates Reh sought, she challenged the reasonableness of the total hours claimed and asked that they be reduced from 110 to 40. (Docket Entry No. 26). The court recognized Reh as the prevailing party, found that the government's position was not substantially justified, that no special circumstances made an award unjust, and that the fee application was timely. (Docket Entry No. 27) (citing 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1978-79 (7th Cir. 2000)). But the court also agreed with the Commissioner that many of the hours Reh submitted were noncompensable and awarded fees for 40 hours of legal work, the reduced amount the Commissioner requested. (*Id.*). Reh moved for reconsideration. (Docket Entry No. 28). The Commissioner has not responded.

1

Based on the motion, the record, and the applicable law, the court grants Reh's motion. The Commissioner is ordered to pay Reh $19,495,[1] representing the reasonable value of the approximately 110 hours of legal work Reh initially sought. The reasons for granting the motion and imposing the higher fee award are explained below.

**I.     The Legal Standard**

The lodestar analysis applies. *See Turner v. Oxford Mgmt. Servs., Inc.*, 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008) (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)). The lodestar amount is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Del. Valley Council for Clean Air*, 478 U.S. 546, 647 (1986). There is a "'strong presumption' that the lodestar represents the 'reasonable' fee," *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 1672-73 (2010), but the lodestar amount may be adjusted up or down based on the twelve *Johnson* factors to ensure that the award is reasonable. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The factors include:

1. the time and labor required to represent the client(s);
2. the novelty and difficulty of the issues in the case;
3. the skill requisite to properly perform the legal services;
4. preclusion of other employment by the attorney due to acceptance of the case;
5. the customary fee charged for those services in the relevant community;

---

[1] Less the amount she has already paid Reh pursuant to this court's previous order awarding Reh attorney's fees. (*See* Docket Entry No. 27, at 3).

    6.    whether the fee is fixed or contingent;

    7.    the time limitations imposed by the client or circumstances;

    8.    the amount involved and the results obtained;

    9.    the experience, reputation, and ability of the attorney(s);

    10.    the undesirability of the case;

    11.    the nature and length of the professional relationship with the client; and

    12.    awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

**II.**    **The Lodestar Calculation**

The Commissioner did not dispute the hourly rates Reh seeks. (Docket Entry No. 26, at 1). The issue is the number of hours reasonably spent on the litigation. The Commissioner's response to Reh's initial motion for attorney's fees objected to the number of hours Reh claimed. The Commissioner disputed time entries related to work performed at the administrative level of the underlying litigation, (Docket Entry No. 25, Ex. A at 3), work on matters not associated with this case, (*id.* at 4), work regarding untimely lawyering, (*id.*), and work performed by individuals other than Reh's attorney, (*id.*). The court found merit in the Commissioner's arguments and used them as the basis for reducing the number of hours Reh could recover.

Reh's motion for reconsideration pointed out additional information about the number and nature of the hours claimed.[2] Almost all of the time entries the Commissioner disputed have a financial value of $0.00 assigned to them in the record. (Docket Entry No. 25, Ex. A). The record

---

[2] In the motion for reconsideration presently before the court, Reh's counsel apologizes for "not adequately explain[ing] the time-keeping and billing system utilized." (Docket Entry No. 28, at 2 n.1).

3

contains time entries representing a total of approximately 280 hours of legal work. But only the approximately 110 hours of legal work Reh claims have a financial value greater than $0.00 assigned to them in the record. The time entries the Commissioner challenged are almost all the zero-value entries. They are superfluous and meaningless, but they caused real confusion that the motion for reconsideration has clarified.

The time entries with positive values assigned to them in the record represent legitimate and reasonable expenditures on legal work that are compensable under the applicable law. As to these entries, Reh has met his burden of showing that his attorney exercised billing judgment and that the hours he seeks are reasonable. Without the confusion created by the zero-value entries, and absent further challenge by the Commissioner or basis for reduction evident in the record, the court grants the motion for reconsideration.[3]

The lodestar in this case results from multiplying the hourly rates by the number of hours Reh claims, as follows:

- $184.87 x 3.7 hours for work completed in 2013

    +

- $187.75 x 99.7 hours for work completed in 2014

    +

---

[3] The Commissioner, in responding to Reh's initial motion for attorney's fees, also argued that the number of hours Reh seeks is unreasonable in light of the average number of hours courts have awarded in Social Security cases. (Docket Entry No. 26, at 3). This argument does not adequately account for the complexity of this case, including the need for a Karenni translator, the benefits obtained, and the fact that the Fifth Circuit has awarded higher compensation when appropriate. *See, e.g., Martin v. Heckler*, 754 F.2d 1262, 1265 (5th Cir. 1985).

- $92.43 x 1.0 hour for travel time[4]

=

- $19,495.12

The lodestar amount is $19,495.12. The *Johnson* factors provide no basis for deviating from the lodestar, which is the amount of the fee award.

## IV.   Conclusion

For the foregoing reasons, the court grants the motion for reconsideration and orders the Commissioner to pay Reh $19,495.[5] Payment is due no later than August 14, 2015.

SIGNED on July 17, 2015 at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[4] On one occasion, Reh's attorney drove to meet Reh at his apartment. (Docket Entry No. 28, at 4). Reh's attorney discounted the applicable hourly rate for the time spent on that trip by half, dropping the rate to $92.43. (Docket Entry No. 25, Ex. A at 24). Courts in the Fifth Circuit have awarded travel expenses under the EAJA. *See, e.g., Gate Guard Servs. L.P. v. Perez*, 14 F. Supp. 3d 825, 841 (S.D. Tex. 2014) (awarding $32,962.67 in travel expenses); *Stark v. Comm'r of Soc. Sec.*, No. 3:14CV150-DAS, 2015 WL 3795985, at *2 (N.D. Miss. June 17, 2015) (awarding $525.00 for travel time commingled with time spent at oral advocacy). Reh's attorney exercised billing judgment in discounting the hourly rate. *See Jimenez v. Paw-Paw's Camper City*, No. Civ.A. 00-1756, 2002 WL 257691, at *23 (E.D. La. Feb. 22, 2002) (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993)) ("Courts in this circuit typically compensate travel time at 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time."). The court finds that the travel expenses Reh seeks are reasonable.

[5] Reh has rounded the value of the lodestar down to $19,495.00. Again, the Commissioner is ordered to pay Reh $19,495, less the amount she has already paid Reh pursuant to the court's previous order awarding Reh attorney's fees. (*See* Docket Entry No. 27, at 3).